## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA BIDDLE | : | |
| 1426-A W. Norwegian Street | : | Civil Action No.: |
| Pottsville, PA 17901 | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| SCHUYLKILL COUNTY | : | |
| 401 N. 2nd Street | : | |
| Pottsville, PA 17901 | : | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil

Rights' Act of 1991, the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951-963 and

other applicable laws to correct unlawful employment practices that discriminate on the basis of

sex and to provide appropriate relief to Pamela Biddle who was adversely affected by such

practices.

During her employment with Defendant Schuylkill County, Plaintiff Pamela Biddle was

subjected to sexual harassment by employees, agents and/or actors of Defendant Schuylkill

County, including but not limited to, Thomas Gallagher, through regular, sexually explicit,

insulting, and derogatory comments and conduct, including but not limited to, offering Plaintiff

money to expose her breasts, regularly staring at Plaintiff's breasts, sticking his tongue out at

Plaintiff in a sexual/suggestive manner, biting his knuckles in a sexual/suggestive manner,

rocking his hips back and forth in a sexual/suggestive manner, taking Plaintiff's hand without her

permission and placing it on his chest, and looking Plaintiff up and down in a sexual/suggestive

manner. All of the foregoing actions created a hostile work environment for Plaintiff as a female. Mrs. Biddle made complaints of the sexual harassment and disparate treatment based on her gender to Assistant Human Resources Director Martina Chawstiak and Plaintiff's direct supervisor Shelly Morrison. Despite Plaintiff's repeated complaints, Thomas Gallagher's discriminatory and harassing conduct did not subside.

Following her first complaint of discrimination in August 2008 and continuing through the remaining tenure of her employment with Defendant, Plaintiff was subjected to retaliation for her complaints of sexual harassment and hostile work environment. In retaliation for Plaintiff's complaints, Defendant, by and through the actions of its employees and/or agents, began unreasonably criticizing Plaintiff's job performance, threatening her job, fabricating stories about Plaintiff, fabricating documents relative to Plaintiff's alleged poor job performance, subjecting her to disciplinary write-ups with no meritorious basis and ultimately terminating her on April 8, 2009. As a result of the retaliation, Plaintiff was caused to incur monetary damages and suffer extreme emotional distress with physical manifestations, and was required to seek medical and psychological treatment.

Defendant Schuylkill County, by and through the actions and/or inactions of its agents and/or employees, also created an out of control work environment for Plaintiff in violation of her protected rights. As a result of the discrimination, harassment, hostile work environment and retaliatory conduct, which was severe and pervasive, Plaintiff was caused to suffer extreme emotional distress with physical manifestations requiring her to seek medical treatment. The discrimination, harassment and retaliation suffered by Plaintiff resulted in monetary damage as well as severe emotional distress, and also causing damages that include, but are not limited to, humiliation, anxiety and other physical ailments and emotional damages. Defendant's conduct is

so egregious and outrageous and intentional that Plaintiff seeks punitive damages pursuant to Title VII.

Plaintiff has complied with all statutory requirements and this matter is ripe for private civil action. Plaintiff has received her right to sue from the EEOC. See a true and correct copy of the right to sue letter, attached as Exhibit "A." More than one year has passed since her filing with the Pennsylvania Human Relations Commission.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 45 l, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)" ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367 to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951 et seq. and under Pennsylvania common law.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania and Commonwealth of Pennsylvania.

4. Jurisdiction over the state law claims is conferred upon this Court by virtue of the Judicial Improvements Act of 1990, 28 U.S.C. § 1367.

### PARTIES

5. Plaintiff Pamela Biddle is an adult individual and a citizen of the State of Pennsylvania, residing therein at 1426A West Norwegian Street, Pottsville, PA 17901.

6. Defendant Schuylkill County is a public entity duly organized and existing

pursuant to the laws of the Commonwealth of Pennsylvania.

7.      At all relevant times, Defendant has continuously been and is now doing business in the Commonwealth of Pennsylvania and has continuously had at least fifteen (15) employees.

8.      At all relevant times, Defendant Schuylkill County has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000 (e), (b), (g) and (h).

9.      At all times material hereto, Defendant conducted business in Schuylkill County, employing four or more persons within the Commonwealth of Pennsylvania, and falls within the reach of the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955(a).

10.      At all times material hereto, Plaintiff Pamela Biddle was employed by Defendant Schuylkill County.

<u>STATEMENT OF CLAIMS</u>

11.      Plaintiff began her employment with Defendant Schuylkill County in April of 2008 as a Clerk I Typist in the Tax Claim department.

12.      Beginning in or about April 2008, Defendant Schuylkill County, by and through its employees, agents, contractors and/or servants, including but not limited to, Thomas Gallagher, engaged in unlawful employment practices in violation of Section 703(a) (l) of Title VII by subjecting Plaintiff Pamela Biddle to a hostile work environment and sexual harassment based on incidents which include, but are not limited to, the following:

(A)      Soon after she began her employment with Defendant Schuylkill County, Plaintiff was subjected to sexual harassment and a sexually hostile work environment by agents, servants, employees and/or workmen of Defendant Schuylkill County, including but not limited to, Thomas Gallagher, which included but was not limited to the following:  offering Plaintiff

money to expose her breasts, regularly staring at Plaintiff's breasts, sticking his tongue out at Plaintiff in a sexual/suggestive manner, biting his knuckles in a sexual/suggestive manner, rocking his hips back and forth in a sexual/suggestive manner while staring at Plaintiff, taking Plaintiff's hand without her permission and placing it on his chest and looking Plaintiff up and down in a sexual/suggestive manner. Defendant Schuylkill County knew or should have known of the harassing/discriminating/hostile work environment to which Plaintiff was being subjected to by agents, servants, employees and workmen of Defendant Schuylkill County, including but not limited to, Thomas Gallagher.

(B)     During and throughout the time period of August 2008 to April 8, 2009, Plaintiff repeatedly told her supervisor Shelly Morrison and the Assistant Human Resources Director Martina Chawstiak about the aforesaid ongoing harassment.

(C)     Upon Plaintiff's complaints of sexual harassment, discrimination and hostile work environment, to individuals including but not limited to, her supervisor Shelly Morrison and Assistant Human Resources Director Martina Chawstiak, Defendant Schuylkill County, by and through its agents, servants, employees and/or workmen, failed to fully, adequately and sufficiently investigate, curb, rectify or control, the offensive behavior, discrimination, sexual harassment and hostile environment created and committed by its employees, agents, servants, workmen and/or contractors and failed to act in accordance with law and responsibility to care for and protect its employees from sexual harassment, hostile work environment and the emotional distress she suffered due to the ongoing discrimination and harassment.

(D)     In furtherance of the discrimination and harassment of Plaintiff, Plaintiff was subjected to baseless criticism and her job was threatened on several occasions.

(E)     Defendant Schuylkill County's conduct, by and through its employees, agents, workmen and/or contractors, including but not limited to, Thomas Gallagher, harmed Plaintiff physically, emotionally and mentally, requiring her to seek medical treatment.

(F)     Plaintiff's employer Defendant Schuylkill County failed to do the following: promulgate adequate and appropriate policies and procedures regarding sexual harassment; provide adequate and appropriate training and/or re-training to its employees regarding sexual harassment; adequately and appropriately monitor and/or enforce policies and procedures regarding sexual harassment.

14.     This sexual harassment/hostile work environment/discrimination and the emotional distress she suffered as a result of the ongoing discrimination, harassment and hostile work environment was committed/created/aided/abetted/fostered by Defendant Schuylkill County's employees, agents, workmen and contractors, including but not limited to, Thomas Gallagher. The sexual harassment/hostile work environment/discrimination and emotional distress resulting from the sexual harassment/hostile work environment/discrimination were reported to her supervisor Shelly Morrison and Assistant Human Resources Director Martina Chawstiak who failed to and/or failed to take appropriate, immediate action to stop the harassment and discrimination by other employees, such Thomas Gallagher and created an out of control workplace for Plaintiff.

15.     The sexual discrimination/harassment/hostile work environment resulted in Plaintiff requiring medical attention.

16.     In furtherance of the sexual harassment/hostile work environment and discrimination and Defendant's failure to take appropriate action to rectify such sexual harassment/hostile work environment and discrimination in accordance with its own purported

policies, Plaintiff was required to endure constant comments and negative actions taken against her by, including but not limited to, Thomas Gallagher, creating an out of control employment environment which caused Plaintiff to continue to suffer from extreme stress, anxiety, humiliation among other injuries, requiring her to seek medical treatment.  Further, Defendant Schuylkill County  failed to control its agents and employees, including but not limited to, Thomas Gallagher.  Despite Plaintiff's complaints, the harassing, discriminatory and hostile behavior continued.

17.     The unlawful employment practices complained of in the preceding paragraphs were done with malice or with reckless indifference to the protected rights of Pamela Biddle as a female.

## LEGAL ALLEGATIONS

### Count I

### Unlawful Gender Discrimination in Violation of Title VII of the Civil Rights  Act of 1964 as Amended  by  the  Civil  Rights  Act  of 1991.

18.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, inclusive, as though each were set forth at length herein.

19.     Defendant Schuylkill County is a person and an employer within the meaning of 42 U.S.C. §§ 2000e(a) and (b).

20.     Title VII of the Civil Rights Act of 1964 as amended in 1991, and the regulations promulgated thereunder make it an unlawful employment practice for an employer to discriminate against any individual with respect to the terms and conditions or privileges of employment on the basis of sex.  42 U.S.C. §§ 2000e-2(a)(1).

21.    Defendant Schuylkill County intentionally discriminated against and harassed Plaintiff by committing a course of conduct and/or placing Plaintiff in the path of such conduct, including but not limited to the above-described, which also created a hostile work environment and the emotional distress she suffered due to the ongoing discrimination and harassment.

22.    Defendant Schuylkill County knew or should have known that its employment practices had created a sexually charged work environment which was hostile and harassing to female employees, including Plaintiff, and failed to stop, continued, and/or encouraged the above described discriminatory practices thus aiding and abetting the sexual harassment by its agents, servants, contractors, workmen, supervisors, managers and employees in violation of law.

23.    As a direct and/or proximate result of the above-described discriminatory actions of Defendant Schuylkill County, Plaintiff suffered financial injury, including but not limited to, past loss of earnings, future loss of earnings, loss of earning potential and loss of benefits.

24.    As a direct and/or proximate result of the above-described discriminatory actions of Defendant Schuylkill County, Plaintiff suffered severe emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, depression, anxiety, and embarrassment, requiring her to seek medical treatment.

25.    As a direct and/or proximate result of the above-described discriminatory conduct, Plaintiff suffered psychological and emotional injury, requiring her to seek medical treatment.

26.    As a direct and/or proximate result of Defendant Schuylkill County's discriminatory conduct, Plaintiff suffered professional injuries, including but not limited to injuries to her professional development.

## Count II

### Retaliation in Violation of Title VII of the
### Civil Rights Act of 1964 as Amended by the Civil Rights Act of 1991.

27.     Plaintiff hereby incorporates by reference the preceding paragraphs of this

Complaint, inclusive, as though each were set forth at length herein.

28.     Defendant intentionally discriminated against Plaintiff by committing a course of

conduct and/or placing Plaintiff in the path of such conduct, including but not limited to the

above-described, which created a hostile work environment and was carried out in retaliation

against Plaintiff for her complaints for harassment and discrimination and ultimately resulted her

termination.

29.     Defendant knew or should have known that its employment practices had created

a work environment which was hostile and harassing to female employees, including Plaintiff,

and failed to stop, continued, and/or encouraged the above described discriminatory and/or

retaliatory practices thus aiding and abetting the retaliation by its agents, servants, contractors,

workmen, supervisors, managers and employees in violation of law.

30.     As a direct and/or proximate result of the above-described discriminatory and/or

retaliatory actions of Defendant, Plaintiff suffered financial injury including but not limited to

past loss of earnings, future loss of earnings, loss of earning potential, loss of benefits.

31.     As a direct and/or proximate result of the above-described discriminatory and/or

retaliatory actions of Defendant, Plaintiff suffered severe emotional and mental injuries,

including but not limited to past and present pain and suffering, humiliation, depression, anxiety,

and embarrassment.

32.     As a direct and/or proximate result of Defendant's discriminatory and/or

retaliatory conduct, Plaintiff suffered professional injuries, including but not limited to injuries to

her professional development.

33.     Plaintiff seeks all damages available under Section 1981(a).

## Count III

### Violations under the Pennsylvania Human Relations Commission

34.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

35.     Defendant's course of unlawful conduct as above described, discriminated against Plaintiff on the basis of her sex in violation of the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955 et. seq.

36.     Defendant failed to stop, continued and/or encouraged the practice thus aiding and abetting the discriminatory practices by its agents, servants, contractors, workmen, supervisors, managers and employees in violation of the PHRA, 43 P.S. § 955 et. seq.

37.     The unlawful actions of Defendant acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act.  The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, exposing Plaintiff to offensive and sexually charged conduct in the work place, subjecting Plaintiff to discrimination, harassment, retaliation and a hostile work environment as described supra.

38.     As a direct and/or proximate result of the above described discriminatory and retaliatory actions of Defendant, Plaintiff suffered financial injury, including but not limited to, past loss of earnings, future loss of earnings, loss of earning potential and loss of benefits.

39.     As a direct and/or proximate result of the above described discriminatory and/or retaliatory actions of Defendant, Plaintiff suffered severe emotional and mental injuries,

including but not limited to past and present pain and suffering, humiliation, depression, anxiety and embarrassment.

40.     As a direct and/or proximate result of the above described discriminatory and retaliatory conduct, Plaintiff suffered physical and emotional injury.

41.     As a direct and/or proximate result of Defendant's discriminatory and/or retaliatory conduct, Plaintiff suffered professional injuries, including but not limited to her professional development, loss of potential promotions and damage to her professional reputation.

<u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a jury trial in this matter.

<u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff Pamela Biddle respectfully prays that this Court award the following relief:

a.     Exercise jurisdiction over this matter;

b.     Issue declaratory and injunctive relief finding that the above-described practices are unlawful and enjoining their past and continued effects;

c.     Award Plaintiff damages, with statutory interest, that are necessary and proper to compensate her for the discrimination, harassment, hostile work environment and retaliation, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, negative tax consequences, and lost benefits, injury to professional development, emotional well-being, humiliation, medical bills and expenses and physical and mental pain and suffering;

d.     Award Plaintiff damages for past, present and future physical and mental pain and suffering;

e.     Award Plaintiff liquidated damages in the amount of double all damages awarded under the PHRA;

f.      Award Plaintiff punitive damages under Title VII;

g.      Award Plaintiff her reasonable attorney fees and costs; and,

h.      Grant such other relief as the Court deems just proper and equitable.

all of which are in excess of $150,000.00.


Respectfully submitted,


 s//Edith A. Pearce
Edith A. Pearce, Esquire
 s// Rebecca L. Thomas
Rebecca L. Thomas, Esquire
Attorney for Plaintiff
The Pearce Law Firm
1429 Walnut Street, 14 Floor
Philadelphia, PA 19102
(215) 557-8686