**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| PAMELA BIDDLE | : | No. 3:12-cv-01159-RDM |
| | : | |
| Plaintiff | : | |
| | : | Judge |
| vs. | : | |
| | : | |
| SCHUYLKILL COUNTY | : | |
| | : | Electronically filed |
| Defendant | : | |

## ANSWER OF DEFENDANT, SCHUYLKILL COUNTY, TO PLAINTIFF'S COMPLAINT


Defendant, Schuylkill County, by and through its attorneys, Zimmerman, Lieberman, Tamulonis & Hobbs, enters the following answer and affirmative defenses to plaintiff's Complaint:


## NATURE OF THE ACTION

That portion of the Complaint titled "Nature of the Case" is a narrative characterizing plaintiff's claims and causes of action and does not constitute a short and plain statement of the claim as required by F. R. Civ. P. 8.  Further, to the extent the narrative in the nature of the case constitutes legal conclusions and characterization, no answer is required under the

applicable Rules of Civil Procedure.  To the extent any of the statements of the nature of the case are deemed factual, unless otherwise admitted in this Answer, said averments are denied.

## JURISDICTION AND VENUE

1.     The averments of ¶ 1 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

2     The averments of ¶ 2 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

3.     Admitted only that plaintiff was employed within the jurisdiction of the Middle District of Pennsylvania, and Commonwealth of Pennsylvania and venue is proper.    Plaintiff's allegations of unlawful employment practices are denied.

4.     The averments of ¶ 4 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

5.     Admitted on information and belief.

2

6.     Admitted.

7.     The averments of ¶ 7 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   It is admitted, however, that defendant, Schuylkill County, has at least 15 employees.

8.     The averments of ¶ 8 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

9.     The averments of ¶ 9 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   However, it is admitted that Schuylkill County employs four or more person.

10.    Admitted.

**STATEMENT OF CLAIMS**

11.    Admitted.

12.    The averments of ¶ 12 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming an answer to the

3

averments of the subparagraphs of ¶ 12 of plaintiff's Complaint are deemed necessary, defendant responds as follows:

(A)    Admitted only that plaintiff on or about August 20, 2008, reported that conduct of a co-worker, identified as Thomas Gallagher, was sexual in nature.  The remaining averments of ¶ 12(A) of plaintiff's Complaint are denied.  After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining averments contained in ¶ 12(A) of the Complaint and, accordingly, said averments are denied.   Strict proof thereof is demanded at time of trial, if relevant.

(B)    Admitted only that claimant submitted a complaint regarding Mr. Gallagher to Assistant him in Human Resources Director, Martina Chwastiak, on or about August 20, 2008.  The remaining averments of ¶12 (B) of plaintiff's Complaint are denied.

(C)    Denied.  On the contrary, plaintiff's complaints were promptly investigated.  The subject and other employees were interviewed, and the subject was given a written warning against engaging in any future behavior which violates the County's sexual harassment policy.  In the addition, the subject was directed to attend another sexual harassment

orientation and was instructed not to approach Pamela Biddle, any other county employee regarding this matter. The subject was warned that any repeated prohibitive behavior will result in further discipline up to and including termination.

(D)   Denied.   On the contrary, plaintiff had significant job performance issues and discussions relating to job performance were legitimate and appropriate and unrelated to her complaint concerning Mr. Gallagher.

(E)   Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining averments contained in ¶ 12(E) of the Complaint and, accordingly, said averments are denied.   Strict proof thereof is demanded at time of trial, if relevant.

(F)   Denied.

14.   Denied.   Defendant denies sexual harassment/hostile work environment and discrimination.   With regard to plaintiff's allegations of emotional distress, after reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining averments contained in ¶ 14 of the Complaint

and, accordingly, said averments are denied.   Strict proof thereof is demanded at time of trial, if relevant.

15.   Denied.   Defendant denies plaintiff's allegations of sexual discrimination/harassment/hostile work environment.   The remaining averments of ¶ 15 of plaintiff's Complaint are denied.   After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining averments contained in ¶ 15 of the Complaint and, accordingly, said averments are denied.  Strict proof thereof is demanded at time of trial, if relevant.

16.   Denied.

17.   Denied.

## LEGAL ALLEGATIONS

### Count I

### Unlawful Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as Amended by the Civil Rights Act of 1991

18.   The averments of ¶¶ 1 through 17 inclusive of this Answer are incorporated herein by reference as if fully set forth at length.

19.    The averments of ¶ 19 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

20.    The averments of ¶ 20 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

21. – 26.   There are no averments and, therefore, no answer required.

## Count II

## Retaliation in Violation of Title VII of the
## Civil Rights Act of 1964 as Amended by the Civil Rights Act of 1991

27.    The averments of ¶¶ 1 through 20 inclusive of this Answer are incorporated herein by reference as if fully set forth at length.

28.    The averments of ¶ 28 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   Assuming the averments of ¶ 28 are deemed factual, said averments are denied.

29.    The averments of ¶ 29 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable

Rules of Civil Procedure.   Assuming the averments of ¶ 29 are deemed factual, said averments are denied.

30.   The averments of ¶ 30 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   Assuming the averments of ¶ 30 are deemed factual, said averments are denied.

31.   The averments of ¶ 31 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   Assuming the averments of ¶ 31 are deemed factual, said averments are denied.

32.   The averments of ¶ 32 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   Assuming the averments of ¶ 32 are deemed factual, said averments are denied.

33.   The averments of ¶ 33 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

## Count III

## Violations under the Pennsylvania Human Relations Commission

34.    Defendant incorporates herein by reference the averments of its Answer to the preceding paragraphs of the Complaint by reference as if fully set forth at length.

35.    The averments of ¶ 35 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

36.    The averments of ¶ 36 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 26 are deemed factual, said averments are denied.

37.    The averments of ¶ 37 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.    In the alternative, assuming the averments of ¶ 37 are deemed factual, said averments are denied.

38.    The averments of ¶ 38 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable

Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 38 are deemed factual, said averments are denied.

39.   The averments of ¶ 39 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 39 are deemed factual, said averments are denied.

40.   The averments of ¶ 41 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 41 are deemed factual, said averments are denied.

41.   The averments of ¶ 41 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   In the alternative, assuming the averments of ¶ 41 are deemed factual, said averments are denied.

**WHEREFORE,** defendant, Schuylkill County, prays that plaintiff's Complaint be dismissed and that judgment be entered in its favor and against plaintiff with costs.

10

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any claim that may be stated in the Complaint is barred in whole or in part to the extent that Plaintiff has failed to properly mitigate any damages that she may have sustained. *Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440 (3d Cir. 1996).

## THIRD DEFENSE

Plaintiff's claims are barred to the extent of her interim earnings, compensation or benefits or amounts earnable by her with reasonable diligence.  See 42 U.S.C. § 2000e-5(g) (l).

## FOURTH DEFENSE

Any monies or benefits received or earned by Plaintiff after the termination of her employment with Defendant will reduce any recovery or will constitute a set off against any recovery.

11

**FIFTH DEFENSE**

Plaintiff's claims for punitive damages are barred and an award of such damages may not be recoverable to the extent that the amount of any such award would exceed the amount of any award of compensatory damages. *See* **Exxon Shipping Co. v Baker**, 554 U.S. 471 (2008).

**SIXTH DEFENSE**

Plaintiffs claims for punitive damages are bared because such claims do not meet the requirement of malice or reckless indifference to any federally protected right of plaintiff and do not otherwise meet the requirements of outrageousness, maliciousness, or recklessness that would support an award of punitive damages. *See* 42 U.S.C. § 1981a (b) (1).

**SEVENTH DEFENSE**

Plaintiff's claims are barred to the extent that they violate and exceed the amounts recoverable, if any, under the provisions of the Civil Rights Act of 1991. 42 U.S.C. § 198la (b) (3).

**EIGHTH DEFENSE**

Defendant is not vicariously liable for compensatory or punitive damages under Title VII or the PaHRA because any sexual harassment, discrimination, hostile work environment or retaliation would violate policies of Defendant and Defendant's good faith efforts to comply with Title VII of the Civil Rights Act of 1964, as amended and the Pennsylvania Human Relations Act.

**NINTH DEFENSE**

Plaintiff's claims for punitive damages are barred to the extent that the award of such damages would violate the provisions of the Constitution and laws of the United States or the Constitution and laws of Pennsylvania.  See *Pacific Mutual Life Ins. Co. v. Haslip,* 499 U.S. 1 (1991) and *Honda Motor Co. v. Oberg*, 512 U.S. 415 (1994).

**TENTH DEFENSE**

Any claim that may be stated in the Complaint for damages resulting from emotional upset, mental anguish, pain and suffering or any other injury *or* harm *is* barred, and the Court lacks jurisdiction, to the extent that such claim is covered by the applicable workers'

compensation statute. *See* **Poyser v Newman & Co.,** 522 A.2d 548 (Pa. 1987).

## ELEVENTH DEFENSE

Compensatory and/or punitive damages are not recoverable for a violation of the based on the claims alleged in the Complaint.  *See* **Hoy v. Angelone**, 720 A.2d 745 (Pa. 998) with respect to punitive damages.

## TWELFTH DEFENSE

Any claim that may be stated in the Complaint under Title VII and/or the PHRA is barred to the extent that Plaintiff failed to exhaust administrative remedies before the EEOC and/or the Pennsylvania Human Relations Commission (PaHRC). Without limiting the scope of the foregoing sentence, any claim under Title VII and/or the PaHRC is barred because of Plaintiff's failure to allege in any or all of the claims asserted in this action.

14

**THIRTEENTH DEFENSE**

Any claim that may be stated in the Complaint under Title VII and/or the PHRA is barred to the extent that the issues and allegations of the Complaint exceed the issues and allegations alleged in the administrative Complaint or at the appurtenant administrative investigation.  With regard to such claims, plaintiffs have failed to exhaust her administrative remedies under Title VII and/or the PHRA.

**FOURTEENTH DEFENSE**

Plaintiff's claims under the PHRA are barred to the extent that the Plaintiff is complaining about events or acts that occurred more than 180 days prior to the fling of the administrative complaint with the Pennsylvania Human Relations Commission.  See *Woodson v. Scott Poper Co*., 109 F.3d 913 (3d Cir. 1997).

**FIFTEENTH DEFENSE**

To the extent the plaintiff alleges any claim under Title VII based upon any act or failure to act by defendant that occurred more than 300 days prior to the filing of the charge of discrimination with the

15

Equal Employment Opportunity Commission (Hereinafter EEOC), said claim is barred by 42 U.S.C. §2000e-5(e).

## SIXTEENTH DEFENSE

Plaintiff's claims of discrimination, retaliation, and a hostile work environment are barred to the extent such claims did not culminate in a tangible employment action against plaintiff.  Defendant exercises reasonable care to prevent and correct promptly any harassing behavior.   See ***Burlington Indus. Inc. v. Ellerth***, 524 U.S. 742 (1998) and ***Faragher v. City of Boca Raton***, 524 U.S. 775 (1998).

## SEVENTEENTH DEFENSE

Defendant has a policy through which plaintiff could have raised any problem or complaint about any alleged discrimination, retaliation or hostile work environment.  Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities available to her to complaint or to avoid any harm she claims to have suffered.  Plaintiff's claims of discrimination, retaliation and hostile work environment are barred in whole or in part by waiver and estoppel.

**EIGHTEENTH DEFENSE**

Defendant is not vicariously liable under principles of agency for any alleged acts of discrimination or retaliation.

**NINETEENTH DEFENSE**

Plaintiff's claim s are barred in whole or in part by principles of consent, waiver and judicial estoppel.

**TWENTIETH DEFENSE**

Compensatory damages and punitive damages are not recoverable for retaliation in violation of Title VII and/or the PHRA. *See* 42 U.S.C. §12203; ***Baker v. PPL Corp.,*** No. 09-0428, 2010 WL 419417, at 6 (M.D. Pa. Jan. 29, 2010), (citing ***Kramer v. Banc of America Securities, LLC,*** 335 F.3d 961 (7th Cir. 2004)), with respect to compensatory and punitive damages for retaliation under the  Title VII.

**TWENTY-FIRST DEFENSE**

Assuming defendant's actions upon which any claims are based were motivated by any impermissible factors, which defendant

17

denies, defendant would have taken the same actions in the absence of any such assumed, and denied, impermissible motivating factors. *See* ***Makky v. Chertoff,*** 541 F.3d 205 (3d. Cir. 2008) and ***Tarr v. FedEx Ground,*** 398 Fed. Appx. 814 (3d. Cir. 2010).

## TWENTY-SECOND DEFENSE

Defendant is entitled to recover its reasonable attorneys' fees, experts, costs and expenses upon prevailing on any or all of the claims alleged against Defendant to the extent that such a recovery is allowed by law.

## TWENTY-THIRD DEFENSE

Plaintiff's Complaint is barred in this action and must be dismissed by reason of legitimate non-discriminatory reasons for defendant's employment decision.

## TWENTY-FOURTH DEFENSE

Plaintiff's Complaint is barred in this action and must dismissed because plaintiff cannot establish pretext.

## **TWENTY-FIFTH DEFENSE**

Plaintiff's Complaint is barred and this action must be dismissed because defendant did not create, condone or allow a hostile environment.

## **TWENTY-SIXTH DEFENSE**

Plaintiff's Complaint is barred and this action must be dismissed because the conduct alleged was not so severe and persuasive and could not have detrimentally affected her.  Prior to her report, plaintiff welcomed and participated with Mr. Gallagher and the conduct alleged would not have detrimentally affected a reasonable person of the same protected class in that position and liability cannot be established based upon respondeat superior.

## **TWENTY-SEVENTH DEFENSE**

Defendant denies that plaintiff suffered any emotional, psychological and/or physical damages as a result of any action taken or not taken by it.  Any emotional, psychological or physical damages suffered by plaintiff, the same being specifically denied, are attributed to a cause or causes wholly independent of defendant's alleged conduct, acts or omissions.

19

## TWENTY-EIGHTH DEFENSE

To the extent that there were pre-existing emotional and/or psychological conditions existing prior to the alleged acts of misconduct, the pre-existing conditions were such that defendant's acts did not proximately cause or contribute to any manner to the alleged injuries and/or damages.

ZIMMERMAN, LIEBERMAN, TAMULONIS & HOBBS

BY: _s/Frank L. Tamulonis, Jr._
        Frank L. Tamulonis, Jr., Esquire
        Attorney I. D. No. PA 20808
        Attorneys for County of Schuylkill
        _ftamulonis@comcast.net_
        111 East Market Street
        P.O. Box 238
        Pottsville, PA   17901
        Telephone:  (570) 622-1988
        Fax:  (570) 622-3261