THE PEARCE LAW FIRM
BY:  Edith A. Pearce
       Rebecca L. Thomas                    Frank L. Tamulonis, Jr., Esquire
Identification Nos.  68753/89813            Identification No. 20808
1429 Walnut Street                          111 East Market Street
14th Floor                                  P.O.  Box 238
Philadelphia, PA 19102                      Pottsville, PA 17901
215-557-8686                                (570) 622-1988
215-557-7226 (fax)                          (570) 622-3261 (fax)
email:  eapearce@thepearcelawfirm.com       email: ftamulonis@comcast.net
        rthomas@thepearcelawfirm.com
**Attorneys for Plaintiff,**                **Attorney for Defendant,**
Pamela Biddle                               County of Schuylkill

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA BIDDLE,<br><br>                    Plaintiff,<br>vs.<br><br>SCHUYLKILL COUNTY,<br>                    Defendant. | CIVIL ACTION<br><br>NO.  3-CV-12-1159<br><br>Judge Mariani |

JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

Principal Issues

1.1     Separately for each party, please give a statement summarizing this case:

<u>By Plaintiff</u>:

Plaintiff Pamela Biddle was employed by Defendant Schuylkill County from April 28, 2008 to April 8, 2009 as a typist/clerk.  Mrs. Biddle was subjected to sexual harassment by employees, agents and/or actors of Defendant Schuylkill County, including but not limited to, Thomas Gallagher, through regular, sexually explicit, insulting, and derogatory comments and conduct, including but not limited to, offering Plaintiff money to expose her breasts, regularly staring at Plaintiff's breasts, sticking his tongue out at Plaintiff in a sexual/suggestive manner, biting his knuckles in a sexual/suggestive manner, rocking his hips back and forth in a sexual/suggestive manner, taking Plaintiff's hand without her permission and placing it on his chest, and looking Plaintiff up and down in a sexual/suggestive manner.  All of the foregoing actions created a hostile work environment for Plaintiff as a female.  Mrs. Biddle made complaints of the sexual harassment and disparate treatment based on her gender to Assistant Human Resources Director Martina Chwastiak and Plaintiff's direct supervisor Shelley Morrison.  Despite Plaintiff's repeated complaints, Thomas Gallagher's discriminatory and harassing conduct did not subside.

Following her first complaint of discrimination in August 2008 and continuing through the remaining tenure of her employment with Defendant, Plaintiff was subjected to retaliation for her complaints of sexual harassment and hostile work environment.  In retaliation for Plaintiff's complaints, Defendant began unreasonably criticizing Plaintiff's job performance, threatening her job, fabricating stories about Plaintiff, fabricating documents relative to Plaintiff's alleged poor job performance, subjecting her to disciplinary write-ups with no meritorious basis and ultimately terminating her on April 8, 2009.

As a result of the discrimination, harassment, hostile work environment and retaliatory conduct by Defendant, which was severe and pervasive, Plaintiff was caused to suffer extreme emotional distress with physical manifestations requiring her to seek medical treatment. The discrimination, harassment and retaliation suffered by Plaintiff resulted in monetary damage as well as severe emotional distress, and also causing damages that include, but are not limited to, humiliation, anxiety and other physical ailments and emotional damages.  Defendant's conduct is so egregious and outrageous and intentional that Plaintiff seeks punitive damages pursuant to Title VII.

<u>By Defendant</u>:

On August 22, 2008, plaintiff, Pamela Biddle, called Martina Chwastiak and reported a gesture made by a co-employee, Thomas Gallagher, on August 20, 2008, which she interpreted as sexual in nature.  Ms. Chwastiak inquired how long this type of gesture was going on.  Plaintiff responded that her Aunt Connie is married to Tom Gallagher's nephew, so they started discussing family and Gallagher one day made a comment which she interpreted sexual in nature.  Plaintiff stated that

she initially laughed at Gallagher's remarks but began to realize this wrong because over the time, Gallagher's gestures allegedly became more sexual.

The Complaint was turned over to S. Thomas White, the then-Director of the Human Resources Department and Employee Relations Administrator pursuant to the County of Schuylkill's sexual harassment policy. Mr. White notified Thomas Gallagher of Ms. Biddle's allegations and spoke with Gallagher, as well as an employee identified by Ms. Biddle as being present during an incident of Mr. Gallagher's conduct. Thomas Gallagher alleged that Ms. Biddle's charges were either false or inaccurately interpreted.

Nonetheless, Mr. White concluded that Ms. Biddle's allegation is credible and that Gallagher's behavior constituted a clear violation of the County's sexual harassment policy and will not be further tolerated. Accordingly, by letter dated September 5, 2008, Mr. Gallagher was advised of these findings and provided a written warning against engaging in any future behavior which violates the County's sexual harassment policy and directing Gallagher to attend another sexual harassment orientation. Gallagher was further instructed not to approach Ms. Biddle or any other County employee, other than the Employee Relations Administrator or other authorized officials regarding this matter. Gallagher was further advised that any failure to adhere to the above or any repeat of the prohibitive behavior will result in further discipline up to and including immediate termination.

By letter dated September 10, 2008, Mr. White advised plaintiff that he spoke with Mr. Gallagher and addressed her concerns on this matter. Plaintiff was advised that White pointed out to while Gallagher the inappropriateness of the behavior and the resultant violation of the County's sexual harassment policy. Gallagher was informed that he is to no longer engage in such behavior with Ms. Biddle or any other County employee. Ms. Biddle advised that the matter has been resolved as Gallagher assured him there would not be a repeat of the alleged incidents. Plaintiff's Complaint regarding Mr. Gallagher's behavior was handled exclusive by the Human Relations Department.

Subsequently, a number of meetings were held and attended by Robert Frycklund, Tax Claim Bureau Director, Shelley Morrison, Assistant Director and plaintiff regarding payment issues and personnel disputes involving the plaintiff. A meeting was held on July 16, 2008, to discuss a number of payment reversals which became necessary because of errors on plaintiff's part. A further meeting was held with Robert Frycklund, Shelley Morrison and plaintiff on September 17, 2008, followed by a formal disciplinary meeting on September 24, 2008, resulting in a form of written warning. The following issues were reviewed:

1. Despite being trained and instructed that if taxes are still due for the prior year, no payment shall be accepted for a later tax year, but Ms. Biddle accepted and processed two such payments.

2. Despite being trained and instructed to do, Ms. Biddle accepted and processed a payment for a property in "Commissioner" status on the office database.

3. Despite being trained and instructed not to do so, Ms. Biddle repeatedly failed and refused to attempt to contact tax payers when a payment was received for less than the full amount due in order to give them a chance to pay the full amount and avoid the partial payment processing fee. On such incident, for which the payment was less than $10.00 short of the full amount due, plaintiff erroneously applied the partial payment to both tax years instead of only the earlier tax years, resulting in the subject property being listed for upset sale until her error was discovered.

4. Three employees of the Tax Claim Bureau received telephone calls from people to speak with plaintiff about an apartment for rent.

5. Despite previously being specifically warned by Ms. Morrison not to do so, plaintiff was observed listening to an MP3 player through earphones at the front desk.

6. Despite being trained and instructed to return files to shelves in numerical order, Ms. Biddle suddenly began filing them out of order.

A further disciplinary meeting was held on November 21, 2008, resulting in a written warning. The issues were summarized as follows:

(a) A co-employee, Annie Morrissey, alleged that plaintiff shoved her into a counter. On investigation, it was determined that it was insufficient to conclude that the physical contact was deliberate and not accidental and Ms. Biddle was not disciplined.

(b) Despite being instructed by Morrison to refrain from using the GOVERN system until further notice, while maintenance was performed, plaintiff used the system.

(c) Plaintiff became increasingly argumentative and insubordinate with management and her action appeared to evidence a deliberate attempt to discomfort and threaten her co-workers resulting in a negative effect on office morale and productivity. For example, on November 20, 2008, plaintiff accused Ms. Morrison of "rolling her eyes" and informed Ms. Morrison that she was keeping notes of everyone in the office.

On March 18, 2009, plaintiff made a complaint to Human Resources about the Chief Assessor, Virginia Murray. While investigating the Complaint, Robert Frycklund was informed of two separate incidents that occurred that day involving Ms. Biddle, Ms. Murray and Deb Dasch, where plaintiff reacted to general discussions of change of address protocols and interoffice address data bases in a manner described as unprofessional and disrespectful. Plaintiff's husband, a county employer, and Union Representative, became involved. On March 20, 2009, Mr. Frycklund proposed to meet with Deb Dasch, Virginia Murray and plaintiff. Plaintiff returned with her husband, Tom Biddle, a County employee and Union Rep. Frycklund advised that it was a private meeting and requested the husband to leave, advising that it was not a disciplinary hearing and that the husband could not act as the wife's union rep. Plaintiff refused to attend the meeting without her husband. He refused to leave the office and Ms. Biddle refused to attend the meeting. Hence, she was suspended and ultimately terminated for insubordination.

1.2   **The facts the parties dispute are as follows:**

Plaintiff

That Plaintiff was not the subject of sexual harassment, discrimination and retaliatory conduct.

That Plaintiff was terminated in retaliation for reporting the harassment and discrimination and not for any legitimate purpose.

Defendant

1. Whether plaintiff was subject to sexual harassment, discrimination and retaliatory conduct as alleged.

2. Whether plaintiff's allegations of sexual harassment by an employee were appropriately investigated under the County's sexual harassment policy.

3. Whether plaintiff's termination on April 20, 2009, was related to plaintiff's report and allegations of sexual harassment by a co-employee, Thomas Gallagher.

4. Whether plaintiff's termination related to job performance issues, personnel disputes and insubordination.

5. Whether plaintiff took any steps to mitigate her damages.

The facts the parties <u>agree</u> upon are as follows:

Plaintiff began working for Schuylkill County in the tax claim office as a clerk/typist on April 28, 2008.

Plaintiff was terminated on April 20, 2009.


1.3    The legal issues the parties <u>dispute</u> are as follows:

The parties <u>disagree</u> on:

<u>Plaintiff</u>

Defendant violated Title VII by creating a work environment that was hostile.

Defendant violated Title VII by permitting Plaintiff to be sexually harassed.

Defendant violated Title VII by retaliating against Plaintiff for making complaints of discrimination and harassment.

Plaintiff is warranted damages under both Pennsylvania and Federal law.


<u>Defendant</u>

1. Defendant did not create a work environment that was hostile in violation of Title VII.

2. Defendant did not permit plaintiff to be sexually harassed in violation of Title VII.

3. Defendant did not retaliate against plaintiff for making complaints of discrimination and harassment in violation of Title VII.

4. Plaintiff's termination was unrelated to any extent to her report and allegations of sexual harassment by a co-employee.

5. Plaintiff is not entitled to damages under Pennsylvania and/or Federal law.

6. Whether plaintiff took any steps to mitigate her damages.

**1.4** Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:   None.

**1.5** Identify any named parties that have not yet been served: None.

**1.6** Identify any additional parties that:

    Plaintiff intends to join:   None at this time.

    Defendants intend to join:   None at this time.

**1.7** Identify any additional claims that:

    Plaintiff intends to add:   None at this time.

    Defendants intend to add:   None at this time.

**2.0 Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**2.1** Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

    <u>Plaintiff</u>:

        To be disclosed:

            Pamela Biddle – former employee of Defendant.

            Thomas Gallagher – employee of Defendant.

            Thomas White – Head of Employee Relations for Defendant.

            Martina Chwastiak – Assistant Human Resources Director for Defendant.

> Shelley Morrison – Assistant Director of Tax Claim Office for Defendant and Plaintiff's direct supervisor.

<u>Defendant</u>:

Defendant concurs in the designation of the above individuals. Defendant will disclose the identity of employees employed by the Tax Claim Bureau during plaintiff's period of employment.

### 3.0   Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of the Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|

None at this time.

### 4.0   Discovery

**4.1**   Briefly describe any discovery that has been completed or is in progress:

<u>Plaintiff</u>:

Plaintiff is completing self-executing disclosures. Plaintiff is also preparing written discovery, including interrogatories and requests for production of documents, to serve on Defendant.

<u>Defendant</u>:

Defendant is completing self-executing disclosures. Defendant is also preparing written discovery, including Interrogatories and Request for Production of Documents to serve on plaintiff.

**4.2**   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue

recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiff

Plaintiff will depose Thomas Gallagher to learn of the conduct, actions and statements that he made to Plaintiff and what, if any investigation, he was subjected to following Plaintiff's report of his sexual harassment and discrimination.

Plaintiff will depose Thomas White to learn what investigation was done following Plaintiff's report of sexual harassment and discrimination and the result of that investigation.

Plaintiff will depose Martina Chwastiak to learn what Plaintiff reported regarding the harassment and discrimination and what investigation was done following Plaintiff's complaints.

Plaintiff will depose Shelley Morisson to learn what Plaintiff reported regarding the harassment and discrimination and what investigation was done following Plaintiff's complaints.

Plaintiff will also seek documents from Defendant relevant to Plaintiff's claims.

Defendant

Defendant will depose the plaintiff and her husband.  Defendant will consider scheduling the depositions of Tax Claim Bureau employees.

4.3   Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Plaintiff:   None at this time.

Defendant:   None at this time.

4.4   Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

Plaintiff:    None at this time.

Defendant:  Defendant will seek a limitation in the timeframe of discovery.

**4.5**  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

- 4.5.1  depositions (excluding experts) to be taken by:

    plaintiff(s): 10          defendant(s): 10

- 4.5.2  interrogatories to be served by:

    plaintiff(s): 25          defendant(s) 25

- 4.5.3  document production request to be served by:

    plaintiff(s): 25          defendant(s) 25

- 4.5.4  requests for admission to be served by:

    plaintiff(s): 25          defendant(s) 25

**4.6**  Discovery of Electronically Stored information

__X_ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

__X_ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

5.0 Protective Order

    5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

    5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

6.0 Scheduling

    6.1    Final date for joining additional parties:

           10/31/2012   Plaintiff(s)

           10/31/2012   Defendant(s)

    6.2    Final date for amending pleadings:

           10/31/2012   Plaintiff(s)

           10/31/2012   Defendant(s)

    6.3    All fact discovery commenced in time to be completed by:  2/28/13

    6.4    All potentially dispositive motions should be filed by:  3/29/13

    6.5    Reports from retained experts due:

           From plaintiff(s) by   3/29/13

           From defendant(s) by   4/30/13

    6.6    Supplementations due   5/31/13

    6.7    All expert discovery commenced in time to be completed by:  5/31/13

    6.8    This case may be appropriate for trial in approximately:

            ____ 240 days from the filing of the action in this court

            __X__ 365 days from the filing of the action in this court

            ____ days from the filing of the action in this court

    6.9    Suggested date for the final Pretrial Conference

            <u>June 2013</u> (month/year)

    6.10   Trial

            6.10.1 Suggested Date for Trial

            <u>June 2013</u> (month/year)

**7.0**    **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

<u>Plaintiff</u>:

Plaintiff Pamela Biddle

<u>Defendant</u>:

    Schuylkill County Board of Commissioners, Schuylkill County Courthouse, 401 North Second Street, Pottsville, Pa.

    Board of Directors, Pennsylvania Counties Risk Pool, P.O. Box 60769, Harrisburg, Pa., 17106-0769.

8.0   Alternative Dispute Resolution ("ADR")

    8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure   N/A

        Date ADR to be commenced   N/A

        Date ADR to be completed   N/A

    8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

        Plaintiff is willing to submit to a mediation in an attempt to resolve this matter at the appropriate time.

    8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

    8.4

9.0   Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit.

All parties agree to jurisdiction by a magistrate judge of this court  \_\_\_\_ Y   \_\_\_X\_\_N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____ Scranton/Wilkes-Barre

_____ Harrisburg

10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0　Identification of Counsel

    Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

    Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated:　　　September 14, 2012  
Edith A. Pearce  
Rebecca L. Thomas  
Attorney(s) for Plaintiff(s)

__X__　ECF Users  
____　Waiver requested (as separate document)  
____　Fed.R.Civ.P. 7.1 (statement filed if necessary)*

Dated:  
Frank L. Tamulonis, Jr.  
Attorneys for Defendant(s)

__X__　ECF User  
____　Waiver requested (as separate document)  
____　Fed.R.Civ.P.7.1 (statement filed if necessary*)

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.